## Kesara *v.* S. & L. Rubber Company, Appellant.

*Negligence—Master and servant—Dangerous machine—Duty to instruct.*

In an action by an employee against his employer to recover damages for personal injuries, the case is for the jury, and a verdict and judgment will be sustained, where the evidence tends to show that the plaintiff was an ignorant man unacquainted with English; that he was set to work at a machine for rolling rubber; that he was injured while working at the machine by material becoming loose on the roller and making a lashing flap which struck his hand; that the defendant knew of this danger, but had given the plaintiff no warning or instructions in reference to it; and that the danger was one which the plaintiff did not know, and could not discover by the exercise of reasonable attention and care.

Argued Nov. 17, 1909. Appeal, No. 200, Oct. T., 1909, by defendant, from judgment of C. P. Delaware Co., June T., 1908, No. 91, on verdict for plaintiff in case of Nicola Kesara *v.* The S. & L. Rubber Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for personal injuries.

At the trial the jury returned a verdict for $900.

On a motion for judgment non obstante veredicto, BROOM-ALL, J., filed the following opinion:

This is a suit by the plaintiff against the defendant to recover compensation for injury sustained by reason of the alleged negligence of the defendant. The plaintiff was a workman of the defendant at the time of the injury. The alleged negligence of the defendant consisted of a failure to give the plaintiff adequate instructions, respecting the peril of his work, which led to his injury. He is seemingly an ignorant man of foreign birth, about twenty-five years of age, unacquainted with the English language. He had worked on the machine where he was injured, three or four times a month for five or six months, several days at a time, before the accident.

The defendant is a manufacturer or reclaimer of rubber.

The business of reclaiming rubber is to take old pieces of hard rubber, and subject them to chemical and mechanical treatment, grind and mix them, and roll them into sheets less than one inch in thickness. There is a series of rollers through which the material passes, each of which is designed to effect some result in the operation. The last rolling machine in the series takes the material from the preceding rolling machine, in the form of thin sheets, about thirty yards in length, and about thirty inches wide, and less than half an inch in thickness. The plaintiff was at work at this machine when he was hurt. In the main it consists of two hollow rollers, about three feet long and about one foot in diameter. They are set horizontally, and less than an inch apart, about four feet from the floor. There is a box beneath them to catch the rubber as it passes between the rolls. The rolls revolve inwardly, looking at them from above. The operation at this machine is to take the thinner sheet of the preceding machine and roll it into a thicker sheet. The operator starts the thinner sheet through the rolls from the top. At first it starts to pass through and drops into the box beneath. Then the operator takes the end which has passed through and inserts it between the rolls, along with the remainder yet passing through, thus doubling it in order to thicken it. Presently, when the two have coalesced and become homogeneous, this doubled piece will cling to the front roll, and sometimes in rare instances to the back roll. It is then cut from the roll as the finished product, and the process goes on to fill the roll again with the finished product. If the clinging process takes place on the back roll, the only difference is that the workman has to go to the back of the machine to cut it off. This process being a doubling of the sheet, it happens sometimes when the sheet next to the roll clings to it, the other layer may not adhere to the inner layer and thus will pass around like a whip lash as a flap. If the material is forming on the front roll this flap is not dangerous to the workman, because if his hands are above the rolls, the flap striking them drives them away from the rolls; but if the material forms on the back roll this flap coming around towards the workman with some rapidity, if his hands

are above the rolls, strikes them and drives them into the rolls. This is the manner of injury which happened to the plaintiff.

The only questions in the trial of the case were, firstly, whether this was a danger with reference to which the master should have instructed the servant, and secondly, whether in fact the servant had been so instructed by the master. These questions were found by the jury for the plaintiff. The plaintiff lost almost the whole of his right hand. The amount of the verdict indicates that the jury soberly and temperately considered the case.

This evidently was not an obvious danger. It required two convening contingencies for its occurrence. It was somewhat accidental for the material to form on the back roll, and with less frequency did it happen that the outer sheet would fail to stick to the inner one and make a lashing flap. The plaintiff testified that it had not occurred before in his experience, and yet it appeared from the evidence to be an occurrence which occasionally happens. The plaintiff testified that he had received no instructions whatever as to the dangers of the machine. The evidence of the defendant was to the effect that the plaintiff had been directed to keep his hands from on top of the rolls. The jury were told that they might interpret this to mean, that he should not put his hands above the rolls, and if they did so, the verdict should be for the defendant. This was probably stronger in favor of the defendant than it was entitled to. The man should have been warned not only as to the danger of putting his hands above the rolls, but also in view of the lashing flap on the back roll, the reason why he should not put his hands above the rolls. If the warning testified to by the defendants' witnesses was given, he might well have interpreted it to mean, that he should not put his hands in contact with the rolls on top of them. And that indeed required no warning, for that was an obvious danger. This was the very pith of the case, and upon it the plaintiff testified that he had no warning whatever, while the evidence of the defendant did not aim itself directly at the very danger itself. Under this state of the evidence we cannot usurp the function of the jury, and determine that the plaintiff is not to be believed.

The logic of the verdict being analyzed stands upon this footing:

1. The plaintiff was a workman of the defendant.

2. He was an ignorant man, unacquainted with the English language.

3. He was set to work without instructions respecting the particular danger, which resulted in his injury.

4. The particular danger which caused his injury, was the material coming over the back roll becoming loose and making a lashing flap, and striking his hand, drove it between the rolls.

5. This danger is one which either the employer knew or ought to have known by the exercise of reasonable attention, care and diligence.

6. This danger was one which the workman did not know and would not discover by the exercise of reasonable attention, care and diligence.

There was evidence in favor of each of the links in the foregoing chain of reasoning; and the jury have forged them by their verdict in favor of the plaintiff.

The evidence was sufficient to submit to a jury, respecting the three necessary elements which must exist in the class of cases to which this belongs, to wit:

1. The master must be aware, actually or constructively, of the existence of the peril, with respect to which it is alleged to have been his duty to enlighten the servant.

2. He must know, actually or constructively, that the servant was excusably ignorant of the danger to which his injury was due, and excusable ignorance must be other than ignorance of those risks which are necessarily incidental to the employment, or which may be open and obvious to a person of his experience and understanding.

3. The servant must be unaware of the danger and the danger must be such as he would not be aware of, if he had been ordinarily careful in taking notice of his surroundings.

The same thoughts are expressed in Wagner v. Jayne Chemical Co., 147 Pa. 475, HENDRICK, J.: " It is a well settled rule of law that an employee will be deemed to have assumed all the risks naturally and reasonably incident to his employment,

and to have notice of all risks which to a person of his experience and understanding are, or ought to be, open and obvious.

"On the other hand, it is equally well settled that an employer is bound to exercise reasonable precaution against injury to his employees while they are in his service and obeying his orders. Not only must he provide suitable implements and means with which to carry on the business which he sets them to do, but he must warn them of all the dangers to which they will be exposed in the course of their employment except those the employee may be deemed to have foreseen as necessarily incidental to the employment in which he engages, or which may be open and obvious to a person of his experience and understanding, and except also such as the employer cannot be deemed to have foreseen. And the employer will be presumed to be familiar with the dangers, latent as well as patent, ordinarily accompanying the business in which he is engaged."

The case was submitted to the jury in accordance with the law as expressed in the foregoing recitals, and it follows that entertaining the foregoing views we must refuse the defendant's motion for judgment non obstante veredicto, which is accordingly done.

*Error assigned* was in refusing motion for judgment non obstante veredicto.

*W. Roger Fronefield,* for appellant.

*John E. McDonough,* for appellee.

PER CURIAM, December 13, 1909:

It is considered by the majority of the judges who heard this case that the defendant's request for binding instructions and its motion for judgment non obstante veredicto, were properly refused for the reasons given by the learned trial judge in his opinion refusing the latter motion.

Judgment is affirmed.